UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES T. COLE**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF JUSTICE, et al.**, <br><br> Defendants. | Case No. 17-cv-02471 (CRC) |

## MEMORANDUM OPINION

Federal inmate James T. Cole seeks to enjoin the Bureau of Prisons' ("BOP") plan to discontinue funding for microwave ovens in federal prisons using profits derived from inmate trust funds. Compl., ECF 1, ¶ 2. This, he alleges, violates BOP Program Statement 4500.11, Trust Fund/Deposit Manual ("BOP PS 4500.11"), and "Circular No. 2244 act of Congress," which refers to Department of Justice Circular No. 2244, Rules Governing the Control of Prisoner Funds at the Several Penal and Correctional Institutions (Jan. 1, 1932) ("DOJ Circular 2244"). Id. ¶ 1. Cole alleges that inmates will suffer from arteriosclerosis if they are denied use of microwaves because many foods purchased in prison commissaries require microwaving to reduce their saturated fat content. Id. ¶ 6.

The government moved to dismiss Cole's *pro se* complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) in April 2018. See Mem. Supp. Mot. Dismiss ("MTD"), ECF No. 11-1. When Cole did not timely respond by August 2018, the Court issued a standard "Fox/Neal" Order,[1] advising Cole that if he did not respond to the motion to dismiss by October

---

[1] See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988); Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

1, 2018, the Court may deem the matter as conceded.  See Order, ECF No. 13.  Cole did not file an opposition.  Instead, he filed a "Motion for Continuance for Discovery to Be Had," explaining that while he intends to rebut defendants' arguments in a lengthy brief, he is unable to do so without factual development.  Mot., ECF No. 14, at 1.  He explains that at this point, he has not had a "reasonabl[e] opportunity to present his defense" because the Court has not issued a scheduling order or allowed discovery.  Id. at 2.

The Court will deny Cole's motion because discovery is not available at this stage of the litigation nor is it necessary.  When addressing a motion to dismiss, the Court must take all factual allegations in the complaint as true and construe them in the plaintiff's favor.  See Stewart v. Nat'l Educ. Ass'n, 471 F.3d 169, 173 (D.C. Cir. 2006).  Given this well-established rule, discovery need not occur before the Court decides whether the plaintiff has alleged sufficient facts to state a claim.  Cole cites to this Court's recent decision in United States v. $215,587.22, 306 F. Supp. 3d 213 (D.D.C. 2018), as an example of the Court denying a motion to dismiss in order to allow for further factual development.  Mot. at 2.  But that is not what happened in $215,587.22.  Rather, as is always the case, the Court first considered the merits of the motion—that is, whether the plaintiff had adequately stated a claim upon which relief could be granted.  306 F. Supp. 3d at 217.  Only after concluding that the government had done so did the Court deny the motion and allow the case to proceed along the usual path to discovery.  Id. at 216.  The Court declines to deviate from the normal sequence of events here.

Although Cole's failure to respond permits the Court to treat the motion to dismiss as conceded, the Court will instead reach the merits.  For the reasons that follow, the Court will grant the government's motion to dismiss.

The government has moved to dismiss the complaint for lack of standing, failure to exhaust his administrative remedies, and failure to state a claim. Assuming Cole fully exhausted his administrative remedies and has standing to sue, Cole fails to identify any cause of action to support his claim.[2]

Cole first alleges "a justiciable claim that defendants are violating PS 4500.11." Compl. ¶ 1. Fatal to this argument, however, is the detail that BOP program statements do not carry force of law. Instead, the Supreme Court has described BOP program statements as "internal agency guideline[s], which [are] akin to an 'interpretive rule,'" rather than rules subject to the notice-and-comment requirements of the Administrative Procedure Act. Reno v. Koray, 515 U.S. 50, 60–61 (1995) (internal quotation marks, citation, and alterations omitted). Although the D.C. Circuit has yet to address this question, the Ninth Circuit has held conclusively: "noncompliance with a BOP program statement is not a violation of federal law." Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011). As such, Cole does not have a private cause of action to sue for a violation of non-binding BOP internal guidance.

Cole next alleges "a justiciable claim that defendants are violating . . . Circular No. 2244 act of Congress." Compl. ¶ 1. To be sure, as the beneficiaries of the trust fund, inmates do have a statutory right to seek to enjoin the use of those funds for unauthorized purposes—*i.e.*, those that are not for the benefit of the inmate population as a whole. See Maydak v. United States, 363 F.3d 512, 521 (D.C. Cir. 2004) (citing Washington v. Reno, 35 F.3d 1093, 1102–03 (6th Cir.

---

[2] The Court recognizes its obligation to determine whether it has jurisdiction before considering the merits. The government has challenged Cole's standing based on the speculative nature of the sole injury he asserts: the future onset of arteriosclerosis. But it strikes the Court that being deprived of the ability to cook or heat food offered to inmates in prison commissaries is likely a sufficient injury, standing alone, to confer standing. Because this issue was not briefed, the Court will simply assume for purposes of this motion that Cole has standing.

1994)).  But Cole has not brought a claim under 31 U.S.C. § 1321, the statute that requires BOP to operate the inmate trust fund "in compliance with the terms of the trust" (which are set out in DOJ Circular 2244).  Even if he had, Cole does not have a statutory right to compel BOP to use inmate trust funds for a specific purpose, like funding microwaves.  See Washington, 35 F.3d at 1104 (explaining that even as "beneficiaries," "the inmates themselves cannot determine when distributions from the Fund should be made or for what purpose such distributions should be made").  The thrust of Cole's complaint is that the Court should enjoin BOP's new policy because "it was not Congress['s] intent for the B.O.P. to stop the funding of microwaves for the inmate population."  Compl. at 3.  In other words, he does not seek to enjoin an unauthorized use of the funds; he seeks to compel a particular use of the funds.  This he cannot do.

Accordingly, Cole has failed to state a claim upon which relief may be granted.  For the foregoing reasons, the Court will grant defendants' motion to dismiss and deny plaintiff's motion to permit discovery.  A separate order shall accompany this memorandum opinion.

_____  
CHRISTOPHER R. COOPER  
United States District Judge

Date:  October 5, 2018